## Joseph Ator and William Stubblefield
### v.
## John Rix and William Rix.

*Replevin—Right of Possession at Commencement of Suit—Actual Possession—Lien—Statute.*

1. In replevin the issue is upon the right of possession at the commencement of the suit.

2. Although, under the statute, the court will not deprive the plaintiff of actual possession where he has, since the commencement of the suit, acquired a right to it, there is no rule by which he may have judgment for a return upon the strength of an after-acquired lien.

[Opinion filed November 20, 1886.]

In error to the Circuit Court of McLean County; the Hon. O. T. Reeves, Judge, presiding.

Mr. Thomas F. Tipton, for plaintiffs in error.

The lien of the landlord was paramount to the rights of the plaintiffs, and the final judgment should have been for the defendants, with an order for the return of the grain and hay. The lien of Stubblefield on the grain and hay did not depend on his distress warrant or the prosecution of the distress case. Hunter v. Whitfield, 89 Ill. 229; Mead v. Thompson, 78 Ill. 62; Wetsel v. Mayers, 91 Ill. 497; Prettyman v. Unland, 77 Ill. 206.

Stubblefield had a lien on the grain and hay and is entitled to the possession to enforce his lien. Wetsell v. Mayers, 91 Ill. 499.

Mr. W. Hughes, for appellees.

*Per Curiam.* This cause was submitted on an agreement as to the facts, from which it appears that Stubblefield, who was

Ator v. Rix.

landlord of the defendants in error, by Ator as his bailiff, levied a distress warrant upon the crops growing and grown on the demised premises, and the tenants. replevied, getting judgment for one cent damages and costs.

It is conceded that the distress proceeding was wrongful. The rent was not due nor was there any attempt by the tenants to remove the property contrary to the statute. It was in fact abandoned after this court reversed the judgment therein. Sec. 12, Ill. App. 313. But at the time of judgment in this case, the rent had accrued and remained unpaid, and on that ground it is claimed it should have been for the defendants, for a return of the property.

In replevin the issue is upon the right of possession at the commencement of the suit. By the statute, however, which is understood to be declaratory of the common law, if the plaintiff fails. to prove he then had it, and yet shows that in the meantime he has acquired it, the court will not deprive him of his actual possession though obtained under the writ, but only adjudge him to pay the costs and such damages as the defendants shall have sustained. But we know of no rule by which, notwithstanding the wrongfulness of the original taking, the defendant may have judgment for a return upon the strength of an after-acquired lien. Here Stubblefield, even at the date of judgment, had not the right of property, but at most a lien which had not been pursued to possession. He must assert that in another proceeding. The statute specifies the cases, and we suppose all the cases in which the defendant may- have such a judgment, and this is not among them. Sec. 22: Replevin. Nor is it such as would justify the alternative judgment therein provided for. The property was never rightfully held by the defendants for the payment of any money. The judgment will be affirmed.

*Judgment affirmed.*